No. 38,872

AIRCRAFT STEEL AND SUPPLY COMPANY, *Appellee,* v. STATE COMMISSION OF REVENUE AND TAXATION, *Appellant.*

(249 P. 2d 664)

Appeal filed November 8, 1952.

*George Templar,* of Arkansas City, and *Paul R. Wunsch,* of Kingman, argued the cause, and *Wilbur G. Leonard,* of Topeka, was with them on the briefs for the appellant.

*James D. Dye,* of Wichita, argued the cause, and *Ellis D. Bever,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This appeal involves the validity of an order of the state commission of revenue and taxation whereby it in 1950 modified or adjusted the amount of net income on which it concluded the

taxpayer should have been taxed for the year 1945. It assessed that amount against the taxpayer in 1950 as the amount which was payable in 1945 and charged the taxpayer with interest on the amount in controversy from 1945 to October 15, 1949, the date the director of the commission made the order.

The taxpayer, Aircraft Steel and Supply Company, appealed to the district court which reversed the order of the commission. The latter has appealed to this court.

In the district court the parties stipulated as follows:

"The parties to the above entitled proceeding by their respective attorneys of record hereby stipulate and agree that the following facts may be taken as true, provided, however, that this stipulation is without prejudice to the right of either party to introduce further evidence not inconsistent with the facts herein stipulated, and the court shall make such findings of fact and conclusions of law as are appropriate on evidence introduced.

"1. For purposes of brevity, the Appellant, Aircraft Steel and Supply Company, is herein referred to as 'Taxpayer' and the Appellee, State Commission of Revenue and Taxation, is herein referred to as 'Respondent.'

"2. The taxpayer is now, and was at all times material hereto, a corporation organized under the laws of the State of Kansas, with its principal place of business and main office located in Wichita in Sedgwick County, Kansas.

"3. The taxpayer's books and records, are now and were at all times material hereto, maintained and kept on the accrual basis of accounting.

"4. The taxpayer's federal and state income tax returns are now and were at all times material hereto prepared and filed upon the accrual basis and its federal and state income tax returns are and were at all times material hereto, filed on the calendar year basis.

"5. The taxpayer filed its federal income tax return for the taxable year 1945 disclosing net income for said year of $78,302.12 and federal income and excess profits due thereon of $50,621.48 and the amount of tax thus computed was paid by taxpayer.

"6. The taxpayer filed a Kansas income tax return for the taxable year 1945, disclosing taxable net income for Kansas income tax purposes of $35,927.75 and Kansas income tax due on said sum of $718.55 and the amount of tax thus computed was paid to the State of Kansas by the taxpayer.

"7. In arriving at taxable net income on its Kansas income tax return for the year 1945, taxpayer accrued and claimed as a deduction the sum of $44,339.35, being that portion of its federal income and excess profits taxes due and payable for the taxable year 1945, and paid in respect of its Kansas income for the taxable year 1945. The provision of the Kansas income tax law under which such deduction was claimed and taken being G. S. 1949, 79-3206 (3).

"8. The taxpayer filed a timely federal income tax return for the taxable year 1947 disclosing a net operating loss for the taxable year of $68,928.41 and no federal income tax liability for the taxable year 1947.

"9. The taxpayer filed a timely Kansas income tax return for the taxable

year 1947 disclosing a net operating loss for the taxable year of $68,419.56 and no Kansas income tax liability for the taxable year 1947.

"10. For federal income tax purposes a taxpayer sustaining a net operating loss for any taxable year beginning after December 31, 1941, and before January 1, 1950, is entitled to carry back the net operating loss for such year to each of the two preceding taxable years, such carry back to apply first against net income of the second preceding taxable year and any excess remaining against the net income of the first preceding taxable year. Any unused portion of any such net operating loss may be carried forward for each of the two taxable years succeeding the year in which the loss is sustained. The carry back of any such operating loss is made by claim for refund, based upon such net operating loss, or application for tentative carry-back and refund. The applicable provisions of the federal law are found in Sections 122 (b) and 3780 of the Internal Revenue Code.

"11. Based upon its net operating loss for the taxable year 1947, taxpayer filed an application for carry-back of said net operating loss and for refund of federal income and excess profits taxes paid for the year 1945 in the sum of $47,696.14. The application was filed on March 23, 1948, and taxpayer received thereunder during the year 1948 a refund of $47,696.14.

"12. Under date of October 11, 1949, Bert E. Mitchner, Director of Revenue, State Commission of Revenue and Taxation, assessed a deficiency in Kansas income taxes and interest of the taxpayer, for the taxable year 1945, in the sum of $1,002.23 said deficiency consisting of tax in the sum of $828.29 and interest computed to October 15, 1949, in the sum of $173.94. In computing said deficiency the Director of Revenue disallowed as a deduction for Kansas income tax purposes for 1945 and increased taxable income for 1945 by that portion of federal income and excess profits taxes, accrued as a deduction on the 1945 Kansas income tax return subsequently refunded as a result of the net operating loss sustained in 1947, and his computation is as follows:

"Net income reported per return.............................. $35,927.75
"Additions to income or unallowable deductions:
    "Federal income taxes *................................. 41,414.01

"Net income as adjusted.................................... $77,341.76
"Tax at two percent....................................... 1,546.84
"Less tax previously paid.................................. 718.55

"Deficiency .............................................. $828.29
"Interest at two and one-half percent per month to October 15, 1949, 173.94

"Amount due ............................................ $1,002.23

"* *Federal Income Taxes*
    "Federal income taxes deducted per return................. $44,339.35
    "Federal income tax liability, as adjusted, due to the loss in
        1947 carried back to profit year 1945.................. 2,925.34

      "Federal income taxes unallowable.................. $41,414.01

"13. Taxpayer filed a timely appeal to the Respondent, Commission, from the Order of the Director of Revenue assessing said deficiency in tax and interest in the time and manner provided by law and a hearing on said appeal

was had before the Commission on May 18, 1950; that on June 14, 1951, the Respondent issued its order affirming and approving the Director's assessment and finding that there was due and owing from the taxpayer the sum of $1,002.23 and that Exhibit A, attached to the Notice of Appeal herein, is a true, correct and complete copy of the order made and entered by the Respondent.

"14. That no question concerning the statute of limitations arises in this case for the reason that the assessment was made within the period of limitations as defined by the statute.

"15. Under section 79-3206, General Statutes 1949, federal income taxes paid or accrued are deductible for state income tax purposes.

"16. That the Kansas State Income Tax Act contains no provision for the recognition of carry-back of net operating losses.

"17. It is taxpayer's contention that its federal income and excess profits taxes computed and accrued as a deduction on its accrual basis Kansas income tax return for the taxable year 1945 may not be reduced or adjusted by reason of a refund received as a result of a net operating loss sustained in the subsequent year 1947 as set out and alleged in its notice of appeal herein.

"18. It is the respondent's contention that the amount of federal income and excess profits taxes computed and accrued as a deduction by taxpayer on its accrual basis Kansas income tax return for the taxable year 1945 may and should be readjusted and reduced to the extent of the refund received as a result of the net operating loss sustained in the subsequent year 1947, all as set in its order and answer filed herein.

"19. If respondent's position is sustained by the court the deficiency in Kansas income taxes for the taxable year 1945 is correct as a matter of mathematics.

"20. If taxpayer's position is sustained by the court there is no deficiency in Kansas income taxes of the taxpayer for the taxable year 1945."

It has been observed that in the stipulated facts the parties were referred to as the taxpayer and respondent. In order to avoid confusion we shall do likewise. Respondent introduced oral testimony in addition to the stipulated facts. Such testimony was received tentatively over the taxpayer's objections. The court finally adopted the facts stipulated by the parties. It excluded the oral testimony tentatively received, which will be referred to later, and concluded:

". . . the amount of federal income taxes computed and accrued as a deduction by the Appellant herein upon its accrual basis Kansas income tax return for the taxable year 1945 may not be reduced or adjusted by respondent by reason of a refund received by Appellant in the year 1948 as a result of a net operating loss sustained in the year 1947."

The court, therefore, held there was no deficiency in Kansas income taxes for the year 1945. From that decision respondent appeals.

Respondent asserts affirmance of the judgment will avoid payment

of income tax on the amount of the federal refund. We do not understand that to be the taxpayer's present contention. In any event that does not appear to have been the issue in this case and the question was not decided. It, therefore, is not presently here for review.

The taxpayer had appealed to the district court from the decision of respondent which carried back the 1948 federal tax refund to the taxable year 1945 and thus increased its taxable income for 1945 by that amount. In addition thereto it was charged by respondent with interest thereon from 1945 until the date of the order made by respondent's director on October 15, 1949. The district court held respondent's decision was improper. That is the judgment presented for appellate review.

We think the first subject requiring our attention is what was the regular and acceptable basis upon which the taxpayer had made its 1945 and previous returns? The stipulated facts disclose it had always filed both federal and state income tax returns on an accrual basis and for each calendar year.

It is conceded that on an accrual basis, as distinguished from a cash basis, the taxpayer makes a complete accounting or return for the taxable year of every transaction which determines net or taxable income. This means all obligations incurred and all accounts receivable growing out of transactions in such taxable period must be reflected in the return for that year whether payable within such taxing period or later.

Respondent does not contend the taxpayer violated the foregoing or any other rule in making its 1945 return. The return was never questioned by respondent until after the taxpayer received the federal refund in 1948 by reason of a 1947 net operating loss. It is conceded the taxpayer properly listed in its 1945 return its 1945 tax obligation to the federal government. Obviously in 1945 it could not have questioned that obligation to the federal government. By the same token it could not have reported the federal refund as income in 1945. Moreover, in the very nature of things, the refund was entirely contingent on an unforeseen event. It could not have been anticipated and its amount was impossible of ascertainment until the end of 1947. Clearly the right to the refund did not accrue in 1945. We have no doubt that on an accrual basis of accounting the federal refund was not properly allocated to the year 1945 for the purpose of increasing the taxable income for that year.

It is well known the Kansas income tax law was originally enacted and also has been amended to make it conform as nearly as possible to the federal law. (*Natural Gas Pipe Line Co. v. Commission of Revenue and Taxation,* 155 Kan. 416, 421, 125 P. 2d 397.) In fact the Kansas law requires that all state returns shall be made as nearly as practical in the same form as the corresponding form of income tax return required by the United States. (G. S. 1949, 79-3221.) The provision enables a taxpayer to prepare his state income tax return from figures assembled for his federal return. This policy is in conformity with respondent's own rules and regulations. (Reg. 94-4-1; reg. 94-4-2.)

Without necessarily adopting all that is said in each of the following cases or without intimating this state is bound in all respects by all federal practices we are persuaded these cases involving varying circumstances sustain the trial court's conclusion respondent improperly made the adjustment in the 1945 tax return: *Bartlett v. Delaney,* 173 F. 2d 535, syl. ¶ 1; *Commissioner of Internal Rev. v. Dumari Textile Co.,* 142 F. 2d 897; *Commissioner of Int. Rev. v. Central United Nat. Bank,* 99 F. 2d 568, 570; *Van Norman Co. v. Welch,* 141 F. 2d 99, 104; *Cedar Rapids Engineering Co. v. United States,* 86 F. Supp. 577; *Continental Tie & L. Co. v. U. S.,* 286 U. S. 290, 76 L. ed. 1111, 52 S. Ct. 529; *Security Mills Co. v. Comm'r.,* 321 U. S. 281, 286-287, 88 L. ed. 725, 64 S. Ct. 596; *Baltimore Transfer Co.,* 8 T. C. 1; *Taylor Instrument Cos.,* 14 T. C. 388.

The foregoing list of cases is not intended to be exhaustive but only illustrative of the rule deduced therefrom that ordinarily it is not permissible to expunge a tax deduction properly taken in an earlier year because of receipt by taxpayer of a tax refund in a later year where a taxpayer is on an accrual basis. Some of the authorities also hold the same rule applies where taxpayer is on a cash basis but that question is not an issue in the instant case.

Respondent asserts it is not bound by the accrual basis of accounting and relies on G. S. 1949, 79-3209, the pertinent portion of which reads:

" 'Net income' means the 'gross income' less the deductions allowed by this act. (*a*) The net income shall be computed upon the basis of the taxpayer's annual accounting period in accordance with the method of accounting regularly employed by the taxpayer, but if no such method has been employed, *or if the method employed does not clearly reflect the income,* the computation shall be made in accordance with such methods as in the opinion of the director of revenue does clearly reflect the income." (Our italics.)

Respondent stresses the above italicized language. We have previously indicated the method employed by the taxpayer for making its income tax returns on an accrual and annual basis was never questioned but on the contrary was at all times acceptable to respondent. Moreover it is not now contended the 1945 return did not clearly reflect taxable income on an accrual basis when made. We think the provision stressed by respondent was intended to give the director of revenue power to employ such method of computing income as in his opinion would properly reflect income in the event the taxpayer had no regular method of accounting or if the method employed did not clearly reflect income. We fail to see where the provision relied on by respondent is applicable to the facts in the instant case.

Respondent insists the refund was not income but constituted only a cancellation of a deduction allowed in 1945. The net result of respondent's action was to increase taxable income for 1945. Reference to the stipulated facts reflects the treatment of the federal refund by respondent. It reads:

"Additions to income or unallowable deductions:
"Federal income taxes * ............................... $41,414.01
"[* See explanation in stipulation.]"

That amount was added in 1949 to the net income on which the 1945 tax had been paid. The total of $77,341.76 was denominated by respondent as "Net income as adjusted." The net result of all this simply is that respondent in 1949 increased the taxable income for 1945 by $41,414.01 and charged the taxpayer with interest on the refund from 1945. This fact is also indicated in paragraph 12 of the stipulation. Clearly the federal refund received by the taxpayer in 1948 in nowise constituted an account receivable in 1945. It constituted an existing obligation. It was improperly allocated in 1949 to the 1945 return on an accrual basis irrespective of whether denominated additional income or as an unallowable deduction.

Respondent argues the oral testimony of the director of revenue and taxation relative to practices and policies of respondent in making adjustments on past income tax returns in somewhat similar situations was improperly excluded. The taxpayer contends the examples testified to were not of a similar character in principle. We need not resolve this argument.

It is conceded *rules and regulations* on the subject, if adopted by respondent, had not been filed with the revisor of statutes, as re-

quired by law, prior to the instant 1945 tax return. Respondent, however, contends such previous adjustments were not made pursuant to rules and regulations but in harmony with *practices and policies* of respondent. It argues practices and policies are not required by law to be filed with the revisor of statutes. We need not debate that technicality. In passing we may, however, say we would have some difficulty concluding practices and policies of respondent are legally binding on a taxpayer without being adopted and filed with the revisor of statutes when rules and regulations of the same, or substantially similar, character in order to have the effect of law, must be promulgated and filed with the revisor of statutes as required by law. (See G. S. 1949, 79-3236; 74-2422; 74-2425; 77-413.)

Assuming, however, without deciding, respondent's contention may have some merit, the fact remains that mere practices or policies, as distinct from rules and regulations, which respondent may employ cannot be sustained to the detriment of a taxpayer when they contravene the proper method of computing taxable income on an accrual basis which has been accepted and approved by respondent. That was the only question involved in the exclusion of evidence.

We are told respondent later adopted and filed rules and regulations on the subject here involved with the revisor of statutes. They form no issue in this case. Obviously what their legal effect may be in the future on the same or similar cases is not properly determinable on this appeal. In fairness to counsel for respondent it should be said they do not contend they are properly before us now.

We have carefully scrutinized all cases cited in the brief of respondent and all contentions ably advanced by its counsel. We are not unmindful of the fact respondent is confronted with a practical administrative problem. However, on the basis of stipulated facts we think we are obliged to affirm the judgment of the district court. It is so ordered.