No. 39,758

BEECH AIRCRAFT CORPORATION, *Appellee,* v. STATE COMMISSION OF REVENUE AND TAXATION, *Appellant.*

(282 P. 2d 432)

Opinion filed April 9, 1955.

*Paul R. Wunsch,* of Kingman, and *Ervin G. Johnston,* of Peru, argued the cause and were on the briefs for the appellant.

*James D. Dye,* of Wichita, argued the cause, and *Dwight S. Wallace* and *Ellis D. Bever,* both of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal arises under the Kansas income tax act (G. S. 1949, 79-3201, *et seq.*). It involves the validity of an order of the state commission of revenue and taxation whereby it, in 1953, assessed additional Kansas income tax liability and interest thereon against Beech Aircraft Corporation (hereinafter referred to as taxpayer) for the fiscal year ending September 30, 1948.

The taxpayer appealed to the district court and that tribunal reversed the order of the commission. From that judgment the commission (hereinafter referred to as respondent) has appealed to this court.

The basic facts and contentions of the parties are found in the following stipulation:

### "STIPULATION OF FACTS

"The parties to the above entitled proceeding by their respective attorneys of record hereby stipulate and agree that the following facts may be taken as true, provided, however, that this stipulation is without prejudice to the right of either party to introduce further evidence not inconsistent with the facts herein stipulated, and the Court shall make such findings of fact and conclusions of law as are appropriate on evidence introduced.

"1. For purposes of brevity, the Appellant, Beech Aircraft Corporation, is herein referred to as 'Taxpayer' and the Appellee, State Commission of Revenue of the State of Kansas, is herein referred to as 'Respondent.'

"2. The taxpayer is now, and was at all times material hereto, a corporation organized and existing under the laws of Delaware and authorized to do business within the State of Kansas, with its principal place of business and main office located at Wichita, in Sedgwick County, Kansas.

"3. The taxpayer's books and records are now and were at all times material hereto maintained and kept on the accrual basis of accounting.

"4. The taxpayer's federal and state income tax returns are now and were at all times material hereto prepared and filed upon the accrual basis and its federal and state income tax returns are and were at all times material hereto filed on the basis of a fiscal year ending September 30.

"5. The taxpayer filed its federal income tax return for the fiscal year ending September 30, 1945, disclosing net income for said year of $19,563,-202.00 and income and excess profits due thereon of $14,371,060.01 and the amount of tax thus computed was paid by taxpayer.

"6. The taxpayer filed a Kansas income tax return for the fiscal year ended September 30, 1945, disclosing taxable income for Kansas income tax purposes of $5,073,221.94 and the amount of tax computed thereon was paid to the State of Kansas by the taxpayer.

"7. In arriving at taxable net income on its Kansas income tax return for the fiscal year ended September 30, 1945, taxpayer accrued and claimed as a deduction the sum of $14,371,060.01 being the amount of its federal income and excess profits taxes due and payable for the fiscal year ended September 30, 1945. The provisions of the Kansas income tax law under which such deduction was claimed and taken being G. S. 1949, 79-3206 (3).

"8. The taxpayer filed a timely federal income tax return for the fiscal year ended September 30, 1947, disclosing a net operating loss for such fiscal year, of $6,603,417.55 and no federal income tax liability for the fiscal year ended September 30, 1947.

"9. The taxpayer filed a timely Kansas income tax return for the fiscal year ended September 30, 1947, disclosing a net operating loss for such fiscal year, of $6,605,435.57 and no Kansas income tax liability for the fiscal year ended September 30, 1947.

"10. For Federal income tax purposes a taxpayer sustaining a net operating loss for any taxable year beginning after December 31, 1941, and before January 1, 1950, is entitled to carry back the net operating loss for such year to each of the two preceding taxable years, such carryback to apply first against net income of the second preceding taxable year and any excess remaining against the net income of the first preceding taxable year. Any unused portion of any such net operating loss may be carried forward for each of the two taxable years succeeding the year in which the loss is sustained. The carryback of any such net operating loss is made by claim for refund, or application for tentative carry-back and refund. The applicable provisions of the federal law are found in I. R. C. 122 (b) and 3780 of the Internal Revenue Code.

"11. Based upon its net operating loss for the fiscal year ended September 30, 1947, taxpayer filed an application for carryback of said net operating loss and for refund of federal income and excess profits taxes paid for the fiscal year ended September 30, 1945, in the sum of $4,810,806.74. The application was filed on or about December 10, 1947, and taxpayer received thereunder during the fiscal year ended September 30, 1948, a refund of $4,810,806.74.

"12. Under date of January 12, 1953, Bert E. Mitchner, Director of Revenue, State Commission of Revenue and Taxation, assessed a deficiency in Kansas income taxes and interest of the taxpayer, for the taxable year ended September 30, 1948, in the sum of $120,469.37, said deficiency consisting of tax in the sum of $97,152.72 and interest computed to January 15, 1953, in the sum of $23,316.65. In computing said deficiency the said Director of Revenue included in income of the taxpayer for the taxable year ended September 30, 1948, the sum of $4,857,636.43 (the correct amount being $4,810,806.74) by him determined to be the amount of federal income and excess profits taxes paid

by taxpayer for the fiscal year ended September 30, 1945, and subsequently refunded to the taxpayer during the fiscal year ended September 30, 1948, as a result of the carryback of the net operating loss sustained in the fiscal year ended September 30, 1947.

"13. Taxpayer filed a timely appeal to the Respondent, Commission, from the Order of the Director of Revenue assessing said deficiency in tax and interest in the time and manner provided by law and a hearing on said appeal was had before Respondent on February 26, 1953; that on August 7, 1953, the Respondent, Commission, issued its order affirming and approving the Director's assessment and finding that there was due and owing from the taxpayer the sum of $120,469.37 in tax and interest, plus interest on the tax portion of the liability asserted of $97,152.72 from January 15, 1953, until paid, and that Exhibit B attached to the Notice of Appeal herein is a true, correct and complete copy of the order made and entered by the Respondent.

"14. That no question concerning the statute of limitations arises in this case for the reason that the assessment was made within the period of limitations as defined by the statute.

"15. Under Section 79-3206, General Statutes 1949, Federal income taxes paid or accrued are deductible for state income tax purposes.

"16. That the Kansas State Income Tax Act contains no provision for the recognition of carryback of net operating losses.

"17. It is taxpayer's contention that the portion of the Federal income and excess profits taxes accrued and paid for the taxable year ended September 30, 1945, and refunded in the taxable year ended September 30, 1948, as a result of the net operating loss sustained in the taxable year ended September 30, 1947, as set out and alleged in its Notice of Appeal herein, may not properly be included and taxed as income to this accrual basis taxpayer for Kansas income tax purposes, in the taxable year ended September 30, 1948.

"18. It is Respondent's contention that the amount of $4,810,806.74 refunded to taxpayer, which refund was received during the fiscal year ended September 30, 1948, represents income received by the taxpayer during the fiscal or taxable year ended September 30, 1948, all as set out in its Order and its Answer filed herein.

"19. If the respondent's position is sustained by the court there is a deficiency in income taxes of the taxpayer for the taxable year ended September 30, 1948, in the amount of $96,216.12 plus interest of $23,091.87 calculated to January 15, 1953, or a total of $119,307.99 and, in addition thereto, interest will be due on the deficiency in income tax at the rate of 6% per annum from January 15, 1953.

"20. If taxpayer's position is sustained by the Court there is no deficiency in Kansas income taxes for the taxable year ended September 30, 1948."

In addition, the taxpayer introduced the testimony of a Mr. Neff, a public accountant who prepared its federal and state income tax returns for the period 1945 through 1947 and also the claim for the refund in question. Copies of correspondence between the taxpayer and the office of internal revenue relative to the claim for

refund also were introduced. This evidence will be referred to later.

And so, briefly, we have this situation:

The taxpayer's books and records were kept on an accrual basis of accounting, and its income tax returns, both federal and state, were prepared and filed on an accrual basis of a fiscal year ending September 30th of each year. Its operations for the fiscal year ending September 30, 1945, showed a profit upon which it paid all federal and state income taxes. For the fiscal year ending September 30, 1947, its operations showed a net loss, and for that year it filed federal and state income tax returns disclosing no income tax liability. Under provisions of federal law referred to in paragraph 10 of the stipulation, and based upon its net operating loss for the fiscal year ending September 30, 1947, the taxpayer, on or about December 10, 1947, filed an application for a "carry-back" of this loss and for a refund of federal income and excess profits taxes theretofore paid for the fiscal year ending September 30, 1945. The application was allowed by the federal government and the refund was paid to the taxpayer during the calendar year 1948 and during the fiscal year ending September 30, 1948. Upon learning of this refund, respondent, in 1953, assessed a deficiency in Kansas income taxes and interest for the fiscal year ending September 30, 1948, on the theory that the refund constituted taxable income to the taxpayer for that year.

Applicable provisions of our statutes read:

G. S. 1949, 79-3209:

" 'Net income' means the 'gross income' less the deductions allowed by this act. (a) The net income shall be computed upon the basis of the taxpayer's annual accounting period in accordance with the method of accounting regularly employed by the taxpayer, but if no such method has been employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such methods as in the opinion of the director of revenue does clearly reflect the income. . . . (b) With the approval of the director of revenue, taxpayers may file their returns on the basis of actual cash receipts and disbursements, or on an accrual basis. . . ."

G. S. 1949, 79-3202:

"For the purposes of this act and unless otherwise required by the context: . . .

"(6) The words 'taxable year' mean the calendar year or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under the provisions of this act. . . .

"(7) The words 'fiscal year' mean an accounting period of twelve months ending on the last day of any month other than December.

"(8) The word 'paid' means 'paid or incurred' or 'paid or accrued' and shall be construed in accordance with the method of accounting used as a basis for computing net income under this act."

G. S. 1949, 79-3206:

"(a) In computing net income there shall be allowed as deductions: . . . (3) taxes paid during the taxable year, except income taxes paid under the provisions of this act, . . ."

Our statutes contain no provision for the recognition of a "carry-back" of a net operating loss (Stip. 16).

A somewhat analogous question was presented in *Aircraft Steel & Supply Co. v. State Comm. of Revenue & Taxation*, 173 Kan. 524, 249 P. 2d 664. In that case, as here, the taxpayer operated on and filed its income tax returns, both federal and state, on an accrual basis. Its taxable year 1945, as here, resulted in a net profit upon which it paid all federal and state income taxes. Its operations for its taxable year 1947, as here, resulted in a loss, and for that year it filed federal and state income tax returns disclosing no tax liability to either sovereign. Based upon its net operating loss for the taxable year 1947, the taxpayer, in March 1948, applied to the federal government for a "carry-back" of such loss and for a refund of federal income taxes paid for the taxable year 1945. The refund was paid to the taxpayer during the taxable year 1948.

It will be seen that down to this point the facts were parallel to those in the present case.

In that case, however, the respondent commission assessed a deficiency in Kansas income taxes for the taxable year 1945, contending that the amount of federal income taxes computed and accrued as a deduction by the taxpayer on its accrual basis Kansas income tax return for the taxable year 1945 could and should be readjusted and reduced to the extent of the refund received as a result of the net operating loss sustained in the subsequent year 1947.

The taxpayer contended that such could not be done.

On appeal to the district court the order of the commission was reversed. The latter appealed to this court. In affirming the judgment of the lower court it was held:

"Ordinarily it is not permissible to expunge a tax reduction properly taken in an earlier year because of receipt by taxpayer of a tax refund in a later year where a taxpayer makes his return on an accrual basis." (Syl. 1.)

"The record in an action involving validity of a 1949 readjustment made by director of state commission of revenue and taxation of a 1945 income tax return, which return as all previous returns was computed by taxpayer on an accrual basis with the approval of the commission as a proper method of determining taxable income, examined and *held:*

"(*a*) The 1945 return properly reflected taxable income when filed; its accuracy was not questioned until after the occurrence of a wholly unforeseeable net operating loss suffered by taxpayer in 1947 by reason of which the federal government in 1948, under its regulations, issued a refund to taxpayer which could be and was carried back and applied on its 1945 federal income tax return;

"(*b*) readjustment of the 1945 state income tax return, based on federal refund, was improperly made in 1949 by director of state commission of revenue and taxation;

"(*c*) the question pertaining to the particular year to which the federal refund should be allocated for state income tax purposes was not decided by the district court and is not determinable on the instant appeal;

. . ." (Syl. 2.)

In the course of the opinion it was said:

"We think the first subject requiring our attention is what was the regular and acceptable basis upon which the taxpayer had made its 1945 and previous returns? The stipulated facts disclose it had always filed both federal and state income tax returns on an accrual basis and for each calendar year.

"It is conceded that on an accrual basis, as distinguished from a cash basis, the taxpayer makes a complete accounting or return for the taxable year of every transaction which determines net or taxable income. This means all obligations incurred and all accounts receivable growing out of transactions in such taxable period must be reflected in the return for that year whether payable within such taxing period or later.

"Respondent does not contend the taxpayer violated the foregoing or any other rule in making its 1945 return. The return was never questioned by respondent until after the taxpayer received the federal refund in 1948 by reason of a 1947 net operating loss. It is conceded the taxpayer properly listed in its 1945 return its 1945 tax obligation to the federal government. Obviously in 1945 it could not have questioned that obligation to the federal government. By the same token it could not have reported the federal refund as income in 1945. Moreover, in the very nature of things, the refund was entirely contingent on an unforeseen event. It could not have been anticipated and its amount was impossible of ascertainment until the end of 1947. Clearly the right to the refund did not accrue in 1945. We have no doubt that on an accrual basis of accounting the federal refund was not properly allocated to the year 1945 for the purpose of increasing the taxable income for that year.

"It is well known the Kansas income tax law was originally enacted and also has been amended to make it conform as nearly as possible to the federal law. (*Natural Gas Pipe Line Co. v. Commission of Revenue and Taxation,* 155 Kan. 416, 421, 125 P. 2d 397.) In fact the Kansas law requires that all state returns shall be made as nearly as practical in the same form as the corresponding form of income tax return required by the United States. (G. S.

1949, 79-3221.) The provision enables a taxpayer to prepare his state income tax return from figures assembled for his federal return. This policy is in conformity with respondent's own rules and regulations. (Reg. 94-4-1; reg. 94-4-2.)" (pp. 528, 529.)

". . . Clearly the federal refund received by the taxpayer in 1948 in nowise constituted an account receivable in 1945. It constituted an existing obligation. It was improperly allocated in 1949 to the 1945 return on an accrual basis irrespective of whether denominated additional income or as an unallowable deduction." (p. 530.)

It should be pointed out that the question pertaining to the particular year to which the federal refund should be allocated for state income tax purposes was not in issue and therefore not decided. The scope of the decision merely was to hold that the year 1945 was not the proper year. We adhere to that ruling.

The distinction, then, between that case and the one before us is this:

There, under an identical factual situation, respondent assessed a deficiency against the *1945* return, and, being prohibited by this court from doing so, in this case assessed a deficiency against the *1948* return on the theory that the refund constituted taxable income for the fiscal year 1948.

In view of the holding in that case, the question here, therefore, narrows down to this:

For the purposes of Kansas income tax laws, is the refund in question, which was actually paid to the taxpayer during its fiscal year ending September 30, 1948, to be considered as income for that year, or is it to be considered as income for the fiscal year ending September 30, 1947, inasmuch as the loss creating the right to receive it accrued during that year?

In our opinion the decisive factor rests upon the distinction between an *accrual* basis and a *cash* basis of accounting.

Here the taxpayer, at all times material, operated its business and filed its income tax returns, both federal and state, on an accrual basis for the year ending September 30th, which, under our statute, it had the right to do.

As was said in the Aircraft Steel case, *supra,* it is conceded that on an accrual basis, as distinguished from a cash basis, a taxpayer makes a complete accounting or return for the taxable year of every transaction which determines net or taxable income. In other words, all obligations incurred and all accounts receivable growing out of transactions in such taxable period are reflected in the re-

turn for that year, whether payable within such taxing period or later.

From the evidence introduced in this case it is clear that at the close of business on September 30, 1947, the taxpayer's books and records contained all of the figures and data necessary to compute its profit or loss for that year. Obviously, and in the very nature of things, the task of assembling such figures and data for purposes of making application for a "carry-back" of the loss could not be undertaken and completed until the close of business for that year. On that date all events had occurred which gave rise to the right subsequently to apply for the refund because of the loss, but the "mechanics" of the thing amounted merely to making the statutory computations.

In *H. O. Boehme, Inc.,* 15 T. C. 247 (1950), it was said:

"It is now well established that if at the close of the taxable year an accrual basis taxpayer has all of the basic data or facts from which he may within reasonable limits determine an amount which he has a fixed right to receive, such amount is accruable. (Citing authorities.)

"This is true whether the amount in question is a credit to be applied in abatement of taxes owed for any year or a refund." (p. 252.)

In *Spring City F. Co. v. Commissioner of Int. Rev.,* 292 U. S. 182, 78 L. ed. 1200, 54 S. Ct. 644, appears this statement:

"Keeping accounts and making returns on the accrual basis, as distinguished from the cash basis, import that it is the *right* to receive and not the actual receipt that determines the inclusion of the amount in gross income. When the right to receive an amount becomes fixed, the right accrues." (pp. 184, 185.)

In *Security F. M. Co. v. Commissioner of Int. Rev.,* 321 U. S. 281, 88 L. ed. 725, 64 S. Ct. 596, appears the following:

"This legal principle has often been stated and applied. The uniform result has been denial both to Government and to taxpayer of the privilege of allocating income or outgo to a year other than the year of actual receipt or payment, or, applying the accrual basis, the year in which the right to receive, or the obligation to pay, has become final and definite in amount." (pp. 286, 287.)

In 27 Am. Jur., Income Taxes, § 198, pp. 419, 420, the rule is thus stated:

"Income is not necessarily taxable in the year in which it is earned, and the year in which it is taxable may depend upon the method of accounting employed by the taxpayer. Where he keeps his accounts and makes his returns on an accrual basis, income is taxable in the year in which the right to receive it accrues. On the other hand, where he keeps his accounts and makes his returns on a cash basis, income is taxable in the year in which it is received."

Application of the foregoing principles to the facts before us leads to but one conclusion. The taxpayer, having operated at a loss during the fiscal year ending September 30, 1947, earned the right, during that year, to receive the refund of a portion of federal income taxes paid for the fiscal year 1945—that is, *the right to receive the refund accrued during the fiscal year 1947*. The fact it was not actually paid to and received by the taxpayer until some time during the fiscal year 1948 is of no consequence. For purposes of Kansas income tax laws the refund must be considered as income for the fiscal year ending September 30, 1947, and not for the fiscal year 1948.

The judgment of the trial court is therefore affirmed.

ROBB, J., not participating.