Sherry R. DuPerier, Chairperson Kansas Board of Examiners of Hearing Aid Dispensers 216 E. First Street Wichita, Kansas 67202
Dear Ms. DuPerier:
As chairperson of the Kansas board of hearing aid examiners you inquire whether a policy implemented by the Kansas rehabilitation services (KRS) [a division of the Kansas department of social and rehabilitation services (SRS)] must be promulgated as a regulation pursuant to the rules and regulations filing act, K.S.A. 1993 77-415 et seq.
The policy in question deals with who qualifies as a "qualified provider" for evaluating and diagnosing a hearing disability. On September 24, 1993 (effective November 1, 1993) KRS adopted a policy that for purposes of reimbursement only a licensed audiologist may evaluate and diagnose a client's hearing disability. The requirement was adopted as "internal policy" after informal consultation with an audiology consultant and the Kansas speech-language hearing association, without notice, comment or other procedural guidelines required when adopting a rule or regulation pursuant to the rules and regulations filing act, K.S.A. 1993 Supp. 77-415 et seq.
Whether the policy in question must be filed as rule or regulation depends on the nature of the action taken. The requirements of the filing act apply only to agency action that is a rule and regulation as defined in K.S.A. 1993 Supp. 77-415(4):
 "(4) `Rule and regulation,' `rule,' `regulation' and words of like effect mean a standard, statement of policy or general order, including amendments or revocations thereof, of general application and having the effect of law, issued or adopted by a state agency to implement or interpret legislation enforced or administered by such state agency or to govern the organization or procedure of such state agency. Every rule and regulation adopted by a state agency to govern its enforcement or administration of legislation shall be adopted by the state agency and filed as a rule and regulation as provided in this act. The fact that a statement of policy or an interpretation of a statute is made in the decision of a case or in a state agency decision upon or disposition of a particular matter as applied to a specific set of facts does not render the same a rule and regulation within the meaning of the foregoing definition, nor shall it constitute specific adoption thereof by the state agency so as to be required to be filed. A rule and regulation as herein defined shall not include any rule and regulation which: (1) Relates to the internal management or organization of the agency and does not affect private rights or interest; (b) is an order directed to specifically named persons or to a group which does not constitute a general class and the order is served on the person or persons to whom it is directed by appropriate means." (Emphasis added).
At issue is whether the policy in question is a "rule" or "regulation" as a matter of law; if the policy is of general application and interprets legislation that is enforced or administered by the state agency the policy has no force or effect until filed and published in accordance with the statute. Bruns v. Kansas State Board of TechnicalProfessions, 19 Kan. App. 2d ___ (1993), Docket No. 69,350 (December 10, 1993).
The KRS policy applies to all reimbursement procedures involving the provision of a hearing exam and is thus of general application. The policy governs the agency's enforcement and interpretation of federal legislation, the rehabilitation act of 1973 and amendments thereto and federal regulations requiring that the agency provide evaluations by "qualified personnel". 29 U.S.C. § 701 et seq.; 34 C.F.R. parts 361.5, 361.32, respectively. See generally K.S.A. 39-708c and K.S.A. 39-1206. The federal law being interpreted is more liberal and involves more discretion than that permitted under the policy in question. The policy does not allow the discretion to utilize other "qualified personnel." In Kansas both licensed audiologists and licensed hearing aid dispensers are qualified to provide hearing examinations, K.S.A. 74-5801 et seq.; K.S.A. 65-6501 et seq., respectively. See Aircraft Steel Supply Co. v.State Commission of Revenue and Taxation, 173 Kan. 524, 531; Clark v.Ivy, 240 Kan. 195 (1986); Attorney General Opinions No. 89-114 and 89-134 (reviewing Kansas and federal caselaw); see also La Casa DelConvaleciente v. Sullivan, 965 F.2d 1175, 1177-79 (1st Cir. 1992);Friedrich v. Secretary of Health and Human Services, 894 F.2d 829, 834
(6th Cir. 1990); First Nat. Bank of Lexington, Tenn. v. Sanders,946 F.2d 1185, 1188 (6th Cir. 1991). Squarely within the terms of K.S.A. 1993 Supp. 77-415(4) defining a rule or regulation, the policy in question is in our judgment a "regulation" as a matter of law and to be effective, must be filed and published in accordance with the statute.
Publication of the policy in question will provide KRS the opportunity to further its stated purpose: "to provide quality services, assure client choice and timely access to services and to maintain accountability for use of public funds." Schiffelbein memorandum, dated September 24, 1993 to the field and administrative staff of the rehabilitation services division of the Kansas department of social and rehabilitation services.
Clearly the determination of who meets the criteria of "qualified personnel" for the purpose of a hearing examination will be made within these parameters as stated by KRS. As such the requirement of filing and publication will assure input by the interested public and assist the agency in fulfilling its purposes.
In conclusion, it is our opinion that the policy in question is a rule and regulation subject to the filing act, K.S.A. 1993 Supp. 77-415 etseq and to be effective must be filed and published accordingly.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:GE:jm